**UNITED STATES of America**

**v.**

**Abraham CARRILLO–MORONES,**
**Defendant.**

**No. EP–07–CR–1624(21)–PRM.**

United States District Court,
W.D. Texas,
El Paso Division.

June 24, 2008.

Arturo V. Hernandez, Arturo V. Hernandez P.A., Miami, FL, Felipe D.J. Millan, Felipe D.J. Millan, P.C., El Paso, TX, for United States of America.

John Michael Gibson, Assistant U.S. Attorney, Russell DeWitt Leachman, U.S. Attorney's Office, El Paso, TX, Joseph H. Gay, Jr., Assistant U.S. Attorney, San Antonio, TX, for Abraham Carrillo–Morones.

## ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS IN COURT IDENTIFICATION

PHILIP R. MARTINEZ, District Judge.

On this day, the Court *sua sponte* considered the above-captioned cause. On April 23, 2008, Defendant Abraham Carrillo–Morones filed a "Motion to Suppress in Court Identification of Witness and Request for Evidentiary Hearing Outside the Presence of the Jury." The Government filed its Response on April 29, 2008, and the Defendant filed his Reply on May 13, 2008.

Defendant seeks to bar certain Government witnesses from identifying Defendant at trial. Mot. 1. He claims that these witnesses were shown an "unduly suggestive" photograph of Defendant by Government agents during the investigation that gives rise to a substantial likelihood of irreparable misidentification at trial. *Id.* at 3–4. Defendant argues that the pretrial identification procedure used in the instant action was impermissibly suggestive insofar as "law enforcement agents presented a *single photograph of the Defendant* to the various cooperating identity witnesses." *Id.* at 3.

The Government argues that the witnesses were shown multiple photos of Defendant that were contained in a notebook with photographs of several individuals identified as participants in the drug trafficking organization of which Defendant is alleged to be a part. "The witnesses were not given any information regarding any of the photographs in the notebook.... The

witnesses identified the Defendant and described his role and his activities within the organization...." Resp. 2. During this procedure, the Government asserts that "the witnesses were not given any information regarding any of the photographs.... Neither were they advised that ... the photos [were] of individuals known to be involved in the drug trafficking operation under investigation." *Id.* at 2–3. Upon the Court's order, the Government submitted the notebook for in camera inspection. *Id.*

Unduly suggestive pretrial identification procedures may violate a defendant's Fifth Amendment due process right. *Stovall v. Denno,* 388 U.S. 293, 302, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). Courts employ a two-part test to determine whether to suppress in-court identification following pretrial identification. *United States v. Honer,* 225 F.3d 549, 552 (5th Cir.2000). First, the Court determines whether the pretrial identification procedure used was impermissibly suggestive. *Id.* If so, it then determines whether the in-court identification is nonetheless reliable under the totality of circumstances. *Id.*; *see also Manson v. Brathwaite,* 432 U.S. 98, 114, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977) ("[R]eliability is the linchpin in determining the admissibility of identification testimony...."). Factors relevant to assessing reliability include: "the opportunity of the witness to view the criminal at the time of the crime; the witness' degree of attention; the accuracy of the witness' prior description of the criminal; the level of certainty demonstrated by the witness at the confrontation; and the length of time between crime and the confrontation." *Honer,* 225 F.3d at 553.

The Court has reviewed the notebook containing the photographs shown to witnesses for purposes of identifying De-

fendant. The notebook contains sixty-three images of various men and women. The photographed individuals are not identified in any manner. After due consideration, the Court is of the opinion that the pretrial identification procedure was not unduly suggestive and denies Defendant's request to suppress any in-court identification.

Accordingly, **IT IS ORDERED** that Defendant Abraham Carrillo–Morones' "Motion to Suppress in Court Identification of Witness and Request for Evidentiary Hearing Outside the Presence of the Jury" (Docket No. 600) is **DENIED.**